Tilghman C. J.
(After stating the case) delivered the opinion of the Court.
The main question is, what is ‘ the true meaning of the indenture of the 13th August, 1808 ? For, when that is ascertained, the decision of this cause will be matter of no great difficulty. I have no doubt that the meaning was, *96 that the free use of both court, and alley should be appurtenant to the ground, conveyed by Morris to the defendant, and also to the grounds adjoining the court and not adjoining the alley held by Morris and others claiming under him. This, I say, was the meaning; but whether the deed was sufficient to carry that meaning into effect, is another question. It is contended by the defendant’s counsel, that the deed was not sufficient to'effecthate such an intent, because Morris had no right to grant a right of passage through the alley, as appurtenant to grounds not adjoining the alley. Neither could Morris and the defendant together, grant a right of passage through the alley as appurtenant to any ground not adjoining it, without the consent of John Kinnan. who owned all to the west of it. I agree with the defendant’s counsel, that on the 13th August, 1808, Morris had no right to grant •a right of.passage through the alley as appurtenant to ground adjoining the Court and not adjoining the alley. Neither, at that time, had the defendant a right to make Such a grant. But the defendant had a right to say, that he would never deny the right of passage through the alley, to the occupiers of ground adjoining the court, neither should, any person claiming under him deny such right. • This he did .say, and this would operate as an estoppel against him. But then we are to consider the case of Shaw, the owner of the ground west of the alley, for it is agreed between the parties to this-suit, that Shaw shall be considered as a defendant. As to Shaw, then, it is to be observed, that he claims under the defendant, who, after the indenture of the 13th August, 1808, became the owner of all the ground west of the alley, by his purchase from John Kinnan, 17th December, 1811. Now, immediately after that purchase, the estoppel created by the indenture of the 13th' August, 1808, operated on the ground west of the alley, which afterwards came to Shaw, by purchase from the defendant with full notice, as his deed contains a recital of the indenture of the 13th August, 1808. A good deal has been said about the law of estoppels, an' ancient and curious doctrine ; but I do not think it necessary to go deep into that subject on the present occasion ; because whether there was a strict estoppel or not, the case will be with the plaintiff, if under all circumstances, equity would enjoin the defendant from disputing the plaintiff’s right of *97 way. 'And this, I think, it certainly would; because by the indenture of August1808, the defendant gained the free use of the court; an important privilege, which gave him a right to open doors and windows on the court, and for which no return was asked, but his consent to permit the occupiers of ground on the court, to have a passage through the alley. This right is essential to them, because they have no other way of passing with carriages into Walnut Street. If the plaintiff is deprived of it, her lot, which fronts on Walnut Street, and runs back to the court, will be greatly lessened in value. Now, what is the equity between the plaintiff and defendant ? The plaintiff derives her title under y. W. Condy, who purchased from Morris in September, 1808. When Condy purchased, he saw that the defendant, only a month before, had accepted an indenture, in which it was confessed, that the right of passage through the alley, was appurtenant to the ground which Morris sold to him, and no doubt, in consideration of this right of passage, he paid a higher price thán he would otherwise have done. The case of the plaintiff is stronger than Condy’s, for not only had she the indenture of August, 1808, before her eyes, but this important circumstance in addition, that the occupiers of ground adjoining the court, Were in the actual enjoyment of the use of the alley. Shall the defendant then, be permitted to hold out false colours to the injury of innocent purchasers ? Is not the case as strong against him, as against a prior mortgagee, who is privy to a second mortgage, and conceals his own ? Nor is Shaw, in point of equity, in a better situation than Desilver'-, for he purchased, with full notice of all that had passed. I am of opinion, therefore, that the verdict for the plaintiff, which was, given in con-, formity with the charge of the Court, was right, and .the rule to shew cause why there should ’ not be a new trial, should be discharged.'
Rule discharged.